UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC AND DEBORAH EBERTS,

    Plaintiffs,

v.                                      Case No. 05-C-527

TORGE AND SVETLANA GODERSTAD,

    Defendants.

**DECISION AND ORDER**

      In this diversity action, the plaintiffs assert that the defendants misrepresented the state of the house they sold to the plaintiffs. Defendants have a claim for coverage under a policy of insurance issued by American Family Insurance, which is itself presently providing the defendants' defense in this action under a reservation of rights. American Family was originally named as a defendant, but then was dropped as a defendant when the plaintiffs filed their amended complaint.

      Two motions are currently pending, although the issues they present overlap substantially. The defendants have moved to dismiss on the grounds that American Family, a Wisconsin corporation, is a nondiverse and indispensable party under Rule 19(b). Fed. R. Civ. P. 19(b). American Family has filed a motion to intervene as of right under Rule 24(a), arguing that, though it is not an indispensable party (which would destroy jurisdiction), it is a necessary party under Fed. R. Civ. P. 24(a). It also wishes to bifurcate issues of coverage and liability.

      Intervention "of right" under Rule 24(a) is ancillary to and does not destroy diversity jurisdiction, *Grossheim v. Freightliner Corp.,* 974 F.2d 745, 754 (6th Cir. 1992), whereas a finding of indispensability under Rule 19(b) means that the case must be dismissed. *Am. Nat'l Bank &*

*Trust Co. v. Bailey,* 750 F.2d 577, 582 (7th Cir.1984) ("[T]he rule that there must be complete diversity to sustain diversity jurisdiction is not absolute.... [I]f the nondiverse party comes into the case by intervening in it, his presence will not deprive the court of jurisdiction unless the intervenor was an indispensable party when the complaint was filed.")

"The question of whether an absent party is necessary and/or indispensable is resolved by applying Rule 19 of the Federal Rules of Civil Procedure." *Sac and Fox Nation of Missouri v. Norton,* 240 F.3d 1250, 1258 (10th Cir. 2001). Rule 19 suggests a multi-prong approach. First, a court must determine whether a party is "necessary" under Rule 19(a). A person is necessary if he "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may as a practical matter impair or impede the person's ability to protect that interest." Fed. R. Civ. P. 19(a)(2)(i); *Salton, Inc. v. Philips Domestic Appliances and Personal Care B.V.,* 391 F.3d 871, 877 (7th Cir. 2004). Given the similarity between Rule 19(a) and Rule 24(a)(intervention as of right), for practical purposes a party allowed to intervene under Rule 24(a) will also satisfy the "necessary party" requirement under Rule 19(a); the questions raised by American Family's motion thus overlap with the questions raised by the Goderstads'.[1] If it is determined that a party is necessary, the second step in the indispensability analysis requires a determination of whether "in equity and good conscience the action should [not] proceed among

---

[1] "Because the language of Rule 24(a)(2) tracks that of Rule 19(a)(2)(i), *see* Fed.R.Civ.P. 24 advisory committee notes to 1966 amendments, it should follow as a corollary that the [party seeking to intervene] would not have been an indispensable party for Rule 19 purposes." *U.S. ex rel. Hall v. Tribal Development Corp.,* 100 F.3d 476, 481 (7th Cir. 1996); *Taco Bell Corp. v. Continental Cas. Co.,* 2003 WL 124454, *8 (N.D. Ill. 2003)("for the same reasons that TIG failed the "interest" and "impairment" prongs of Rule 24(a)(2), so too it fails the "interest" and "impairment" criteria of Rule 19.") To the extent there is any daylight between Rule 24 and Rule 19 on this issue, *see Liberty Mut. Ins. Co. v. Treesdale, Inc.,* 419 F.3d 216, 230 (3d Cir. 2005), the differences are not material to the present analysis.

2

the parties before [the court]"-that is, should not proceed in the necessary party's absence-but rather "should be dismissed." Fed.R.Civ.P. 19(b); *id.*

**1. American Family is a Necessary Party**

Turning to the first question, the defendants and American Family both argue (for different reasons) that American Family is a necessary party. To be deemed "necessary" American Family must claim an interest relating to the subject of the action and must also show that its absence would impair "as a practical matter" its ability to protect that interest. Fed. R. Civ. P. 19(a); 24(a). The interest American Family claims here is twofold. First, American Family does not want to become liable as the insurer of the Goderstads, which would only occur in the event that their actions triggered that liability; that liability is the subject of this lawsuit. Second, American Family also asserts an interest in becoming involved in this lawsuit because it is funding the Goderstads' defense. Specifically, it seeks to intervene and then obtain a bifurcation of the liability and coverage issues so that it can avoid incurring substantial litigation fees if coverage is ultimately found lacking.

In arguing against American Family's motion to intervene, the plaintiffs rely largely on the fact that American Family is defending under a reservation of rights. They suggest, based on precedent from the First Circuit, that American Family's interest in this lawsuit is too remote because it assumes the occurrence of multiple contingencies. In *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989), the First Circuit rejected the insurer's efforts to intervene in an action against its insured, finding that the insurer's reservation of rights rendered its alleged interest in the lawsuit a contingent one:

> The problem with the first potential interest is that it is contingent. There can be no dispute that an insurer has a direct interest in a lawsuit brought by an injured party against its insured when the insurer admits that the claim is covered by the policy in

3

> question. *When the insurer offers to defend the insured but reserves the right to deny coverage, however, the insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue.*

*Id.* (italics added). This outcome, in the court's view, reflects "the well-established policy that an insurer who reserves the right to deny coverage cannot control the defense of a lawsuit brought against its insured by an injured party." *Id.*

This line of reasoning was recently echoed in a Fifth Circuit case. In *Ross v. Marshall,* 426 F.3d 745, 759 (5th Cir. 2005), the court allowed the insurer to intervene in an appeal of a $10 million judgment, even though its defense was tendered (as here) under a reservation of rights. A jury had found Allstate's insured liable for the actions of the insured's son, who had burned a cross in front of a black family's house. The court found it a "close call" whether to allow the insurer to intervene in the appeal, however, given that Allstate's defense was made under a reservation of rights. *Id.* at 757. It noted that while the reservation of rights does not remove the insurer's financial interest in minimizing the liability of its insured, the reservation of rights could signal that the insurer's interest was not direct enough to justify intervention. *Id.* at 758. But the court allowed intervention largely because it found one of the contingencies–the determination of liability–had already been eliminated by virtue of the final judgment in the trial court. *See also Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.,* 725 F.2d 871, 875 (2d Cir. 1984).

While these cases demonstrate that the interest of an insurer defending under a reservation of rights may indeed prove somewhat less concrete than otherwise, I am not persuaded the interest is so attenuated that an insurer will never be a necessary party in this situation. First, I would note that an insurer's interest in an underlying action is always at least somewhat contingent upon the outcome of that litigation. The contours of what constitutes an "interest" under Rules 19 and 24 are

4

not rigid, and I find that the existence of an additional level of contingency does not necessarily obviate that interest entirely.

I take particular note of a case from the Western District, in which Judge Crabb pointed out the complex situation insurers face under Wisconsin law when they defend a claim under a reservation of rights:

> If Acuity [the insurer] refuses to defend and coverage is found to exist, the company will be forced to cover any damages awarded to plaintiff because it will not be allowed to present any non-coverage defenses. Alternatively, if Acuity defends under a reservation of rights, it will be forced to pay attorney fees for which it may not be liable under the terms of its policy. If Acuity defends without a reservation of rights, it will waive policy defenses and cannot contest coverage.

*United States v. Thorson,* 219 F.R.D. 623, 626-27 (W.D. Wis. 2003). This reality, the court found, demonstrated that the insurer had a "direct, significant, legally protectible" interest in the underlying suit, and the court allowed the insurer to intervene because the only way to fully protect that interest was to obtain a stay and receive a determination of coverage before the liability issue was determined.

> the only way for Acuity to avoid the expenditure of legal fees in the underlying action is to obtain a determination of coverage before the underlying issue of liability is decided. It is doubtful that Acuity would obtain a declaratory judgment, in either state or federal court, on its duty to defend and indemnify before it begins to incur costs for defending Gerke in this action. Acuity has accepted Gerke's tender of defense subject to a complete reservation of rights. This means that it has an obligation to defend Gerke until a determination is made whether Acuity may be responsible under the terms of its policy if defendant Gerke is found to be liable. Disposition of the underlying action would impair Acuity's ability to protect its interest if plaintiff's claims are determined to fall outside the policy coverage.

*Id.* at 627 (citation omitted).

The same rationale holds true here. American Family's interest is unique and is not represented by any of the parties to this lawsuit. Indeed, American Family is already incurring expenses in defense of the Goderstads, and the only way it can protect its unique interest in this

5

lawsuit is to obtain a decision on coverage before the liability issue is decided. *See* Fed. R. Civ. P. 19(a); 24(a). Accordingly, I find that American Family is entitled to intervene as of right under Rule 24(a) and that it is a necessary party for purposes of Rule 19(a).[2]

**2. American Family is not an Indispensable Party**

As noted at the outset, the defendants claim that American Family is not only a necessary party, but an indispensable one. While "[o]nly necessary persons can be indispensable, . . . not all necessary persons are indispensable." *Schlumberger Industries, Inc. v. National Sur. Corp.,* 36 F.3d 1274, 1286 (4th Cir. 1994). The issue of indispensability is governed by the factors set forth in Rule 19(b):

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). The factors are not to be applied rigidly, but, as the Rule states, the question is whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed." *Id.* This determination ultimately involves "pragmatic considerations." *See HB General Corp. v. Manchester Partners, L.P.,* 95 F.3d 1185, 1191 (3d. Cir. 1996)(citing Fed. R. Civ. P. 19 Advisory Committee Notes to the 1966 Amendment).

At first glance, the rule of indispensability seems odd, even counterintuitive: why must courts allow nondiverse "necessary" parties to intervene in federal lawsuits but require dismissal of cases involving necessary and "indispensable" parties? Put another way, why is diversity

---

[2] *See also International Paper Co. v. City of Tomah, Wisconsin,* 2000 WL 34230089 (W.D. Wis. 2000).

jurisdiction destroyed by the indispensable party when it is not destroyed by the necessary party? The answer lies purely in policy rather than logic; Rule 19(b) is meant to prevent the joinder by rule of crucial defendants who could not, because of their nondiverse status, have been named as parties to begin with. To allow plaintiffs into federal court by not naming essential nondiverse parties, only to have such parties come in through the Rule 19 back door, as it were, is deemed an intolerable encroachment on federal jurisdiction. 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1610 (2d ed.1990); *Am. Nat. Bank,* 750 F.2d at 582 ("the fact that a resident of the plaintiff's state intervenes will not require the plaintiff to abandon his suit unless the resident was an indispensable party at the time the suit was filed-in which event the plaintiff should have joined him at the outset, and if he had done so the court would have known that complete diversity was lacking.")

In any event, the defendants claim that judicial economy demands a dismissal of this action because complete relief could not be granted absent American Family's participation; lawsuits brought in state court would involve the exact same questions and would prejudice all of the parties involved. For that reason, defendants argue, I should find American Family to be indispensable and the case should be dismissed. The defendants rely largely on *Sayre v. Townsend,* 106 F.R.D. 544 (E. D. Wis. 1985), a one-page order in which Judge Reynolds dismissed the action because he found, under Rule 19(b), that the case could not proceed without State Farm Insurance as a party. I am not persuaded, however, that American Family's presence in this lawsuit is so crucial that it must have been named as a defendant at the outset. First, as noted above, American Family's interest is largely a pecuniary one: it wants to intervene and obtain a coverage determination before bearing the brunt of the expenses resulting from its defense of the Goderstads. This interest is one particular to American Family, and does not lend itself toward finding that in equity and good

7

conscience the case could not go forward without American Family as a party. Second, the policy reasons underlying Rule 19(b)–namely, to prevent jurisdictional jockeying–do not appear to be implicated here. Although the plaintiffs named American Family in their original complaint, the presence of American Family in this lawsuit is not crucial to their own recovery. Indeed, the plaintiffs oppose American Family's intervention because, they claim, it would delay these proceedings while their house sustains continued damage. Finally, were intervention not permitted here, American Family would be free to bring a coverage lawsuit of its own in state court. Its presence in this lawsuit serves to protect its interest and also serves the interest of judicial economy, both of which are important interests; but it is not as though American Family's presence is so essential that Rule 19(b) would require dismissal. Instead, I find that American Family is properly deemed a necessary party entitled to intervene under Rule 24(a), but that it is not an indispensable party under Rule 19(b). *See Am. Nat'l Bank & Trust Co. v. Bailey,* 750 F.2d 577, 582 (7th Cir.1984) ("[I]f the nondiverse party comes into the case by intervening in it, his presence will not deprive the court of jurisdiction unless the intervenor was an indispensable party when the complaint was filed.")

**3. Stay and Bifurcation**

The central goal of American Family's motion to intervene is to obtain a stay of liability issues and bifurcate the questions of liability and coverage. This common practice in Wisconsin courts serves several purposes. First, it recognizes that the question of whether insurance coverage exists for the injury is often as important as the injury itself; to proceed without knowing the answer to the coverage question can be impractical. Second, coverage disputes usually present a question of law that can be answered by the court upon motion practice without drawn-out discovery. Moreover, a determination of coverage can prevent the plaintiff from having to defend two

8

simultaneous attacks–one on liability and one on coverage. As the court noted in *Thorson,* "Proceeding simultaneously with coverage and liability would seem to do little to protect Acuity's interest in this case, not to mention that of defendant Gerke. It is not far-fetched to imagine that Gerke could find itself in the position of having to defend against two dispositive motions at once, one brought by Acuity and one brought by plaintiff. . . . *The only way it makes sense to allow Acuity to intervene is if the court also grants the motion for bifurcation and stay.*" *Thorson* 219 F.R.D. at 628. (italics added). Accordingly, because bifurcation is an essential component of American Family's ability to protect its interest, the motion to stay and bifurcate will be granted.

**4. Conclusion**

The defendants' motion for dismissal on the basis of failure to join an indispensable party is DENIED; American Family's motion to intervene under Rule 24(a) is GRANTED, as is its motion to stay and bifurcate.[3] Discovery on issues of liability is STAYED, and the clerk will schedule a telephonic scheduling conference at which the future scheduling of these proceedings will be determined.

**SO ORDERED** this   10th   day of January, 2006.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

---

[3]The dispute between the parties involving whether the plaintiff's amended complaint properly removed American Family as a defendant is mooted by the fact that Rule 19 requires analysis of American Family's status as a party or nonparty regardless of whether it is actually named in the complaint.

9