UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC AND DEBORAH EBERTS,

        Plaintiffs,

     v.                                                Case No. 05-C-527

TORGE AND SVETLANA GODERSTAD and
NATIONAL PLASTIC TRADING CO., INC.,

        Defendants.

**DECISION AND ORDER**

This case is presently before me upon the Defendants' motion *in limine* to exclude discussion at trial of issues relating to mold in the Eberts' home. They further seek to exclude testimony arising out of Plaintiffs' expert witness' latest report. Finally, Defendants also want to bar consideration of the Plaintiffs' newly disclosed mold expert, GZA GeoEnvironmental, Inc., on the basis that this expert, and the mold issue overall, was not timely disclosed.

This case involves the Plaintiffs' claims that the Defendants failed to disclose significant structural and other flaws in a historic Neenah mansion before Plaintiffs purchased the home. The case has been pending since May 2005, and the latest scheduling order provided that Plaintiffs' expert witnesses were to be disclosed by September 1, 2007. That order further provided that no additional extensions would be allowed. Plaintiffs mailed their expert disclosures within that deadline. In October and November of 2007, Plaintiffs sent the Defendants supplemental expert disclosures, to which the Defendants do not object.

The Defendants' present objection arises out of the Plaintiffs' third supplemental disclosure, filed on November 28, 2008. The recent disclosure contains an additional expert report from one of the Plaintiffs' previously named experts, Paul Dehler, arising out of another visit Dehler recently made to the home. The disclosure also contains a newly-named expert, GZA GeoEnvironmental. GZA's report contains information about toxic mold found in the Eberts' home.

Not surprisingly, the Defendants object that these reports contain completely new information that was not hitherto a part of this case. They suggest further that the untimely disclosures violate both the letter and the spirit of the Court's latest scheduling order. Given the upcoming trial scheduled to begin February 23, they believe allowing this late-produced information into the case would severely prejudice them. Plaintiffs assert that they are merely following the Federal Rules of Civil Procedure by filing supplements to their earlier disclosures. Rule 26(e) provides that a party who has made a disclosure must "supplement or correct" its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). In Plaintiffs' view, the recent additions are merely "supplements" meant to correct their earlier disclosures.

By its own clear terms, the rule on supplementation is designed to allow (and indeed require) supplemental information to be submitted in order to correct a statement that proves incorrect or to supplement information that was incomplete. These are provisions designed chiefly for parties to ensure that the information they have disclosed in discovery remains accurate. They are not, in other words, a means of introducing completely new information or legal theories into the case. As the leading treatise recognizes, the rule requiring supplementation of disclosures "is not an invitation to hold back material items and disclose them at the last moment." 8 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure*, § 2049.1 (2d ed. 1994). The "purpose

2

of rebuttal and supplementary disclosures is just that – to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.,* 73 F.3d 546, 571 (5th Cir. 1996). Accordingly, "courts have routinely rejected untimely 'supplemental' expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures." *Lampe Berger USA, Inc. v. Scentier, Inc.,* 2008 WL 3386716, *2 (M.D. La. 2008).

It is clear that the report of GZA GeoEnvironmental is neither a correction of, nor a supplement to, any previously disclosed information. Of course any new disclosure can be styled as a "supplement," but that is not the context in which the rule uses the word. Instead, the rule speaks of supplementing information if further information renders it "incomplete," and Plaintiffs' earlier disclosures were not "incomplete" merely because they lacked inclusion of an additional expert report. Taking Plaintiffs' argument to its logical extension would mean litigants would never be bound by an expert disclosure date because they could always "supplement" their previous disclosures with new expert reports. The rule requiring supplementation is not intended to be the elephantine loophole Plaintiffs suggest.

Plaintiffs argue that there is no surprise or prejudice to the Defendants because the toxic mold issue had been "in" the case from the very beginning. For support, they cite the testimony of one of the Defendants' experts, noting that he admitted he knew mold was an issue. In addition, the issue of mold damage was present in the complaint, which was filed in 2005. Yet this line of argument does nothing to help the Plaintiffs. Supposing they are correct that mold was always an issue in the case, and even granting that the new expert report could "supplement" their earlier

3

disclosures, that does not excuse their naming of a mold expert nearly fifteen months after the expert disclosure date. The rule on supplementation requires supplementation "in a timely manner" – i.e., as soon as possible after the party learns that the previously disclosed information was incorrect or incomplete. Fed. R. Civ. P. 26(e)(1)(A). According to the complaint itself, testing done in 2004 suggested that mold could be a problem and suggested that further testing might be required. (Am. Compl., ¶ 72.) There is simply no reason that the Plaintiffs' expert could not have been identified a long time ago.

Plaintiffs note that barring testimony is a harsh sanction and suggest that an adjournment could allow the Defendants to undertake any further discovery they might require on the mold issue. This would eliminate any prejudice and would allow the case to proceed on its full merit. Yet – as suggested in this court's scheduling order of more than a year ago – this case is already several years old. To allow the trial to be put off based on a last-minute addition by the Plaintiffs would violate the spirit of the scheduling order and would postpone resolution of this case for no good reason. Notably, the Plaintiffs' response brief does not even suggest any reason why it did not retain GZA more than a year earlier. Accordingly, I will bar the expert from testifying rather than move the trial date.

Similar considerations apply to the new expert report of Paul Dehler. Defendants state that the report was the product of another visit to the Eberts' home by Dehler. The expert reports have not been filed with the Court, however, and so it is impossible to determine whether the report is "new" or whether it is truly supplemental. It is certainly conceivable that a damaged home could have problems that change over time (requiring updated assessments of its condition), but as noted earlier Rule 26(e)(1) is not a license to continually produce new expert disclosures or introduce new

4

damage claims. To the extent the new report actually supplements previously disclosed information, it may be allowed; but if the new report seeks to introduce new theories or damages issues into the case, it may not. Because I lack sufficient information to make a ruling at this point, I will withhold ruling until the final pretrial conference. Similarly, at this time I will not bar any mention of mold during the trial. Plaintiffs may be correct that the issue of mold has always been in the case, but it might be that proving mold damage is a matter requiring experts. This issue has not been briefed.

For the reasons given above, the motion is **GRANTED** in part, such that the opinions of GZA GeoEnvironmental will not be allowed to be presented to the jury.

**SO ORDERED** this ___14th___ day of January, 2009.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge